## Commonwealth v. Dobrinoff

*Clarence C. Morrison, Assistant District Attorney,* for Commonwealth.

*Louis J. Adler*, for defendant.

KREIDER, P. J., June 21, 1968.—Defendant, Gary Dobrinoff, was convicted by a justice of the peace in Lower Paxton Township, Dauphin County, of driving his motor vehicle "too fast for conditions" and has brought the record before this court on certiorari. Thereafter, defendant's counsel filed an exception to the record of the Justice averring that

"The information filed in said proceeding did not specify the speed or any estimate thereof at which the defendant was alleged to have driven, which specification is required by sub-section (e) of §1002 of the Motor Vehicle Code, Act of April 29, 1959, P. L. 58, §1002, as amended November 19, 1959, P. L. 1531, §1, 75 PS §1002(e)".

This exception raises the only question in the case. The information averred that defendant

"unlawfully or feloniously, as the case may be did operate said vehicle upon a highway at such a speed as to endanger the life, limb and property of any person at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead. This is contrary to Section 1002 Subsection A Art. X. Traffic was heavy . . .

"Complainant therefore prays that a warrant may issue and defendant be arrested and held to answer this charge of Too Fast For Conditions . . ."

The transcript of the justice further discloses that

"It was testified in substance that the defendant did drive too fast for conditions did jamb on brakes and almost hit another car in front of him".

The offense charged, sometimes designated as "driving too fast for conditions", is based on subsection (a) of section 1002 of The Vehicle Code, 75 PS §1002(a) :

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width

of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead".

Subsection (e) of section 1002 provides:

"(e) In every information charging violation of this section, reference shall be made to this section and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven".

The specific question before us has been raised in a number of cases and answered differently in various courts of this Commonwealth. In Commonwealth v. Foley, 78 Dauph. 207 (1961), this court granted defendant's motion to quash the information because it did not allege the speed at which the vehicle was driven and, speaking through Judge Herman, stated:

"While there are no appellate decisions on this question, the great majority of the decisions of our lower courts support the position here taken. We feel that little need be added to the words of President Judge Wingerd, of Franklin County, who stated, in a well-considered opinion quashing a like information on the same ground, as follows:

" '[Subsection (e)] very clearly states that the speed at which defendant is alleged to have driven must be set forth in every information charging violation of this section. The only section it could possibly refer to is section 1002. . . .

" '[We] cannot see how the statute can properly be interpreted in a way directly contrary to the express meaning of the words used, according to their common and approved usage, which is in no sense uncertain or ambiguous: Statutory Construction Act of May 28,

1937, P. L. 1019, art. IV, sec. 51, 46 PS §551, art. III, sec. 33, 46 PS .§533.' Commonwealth v. Fry, 65 D. & C. 551, 552-53 (Franklin 1948)". Additional cases in accord are cited by Judge Herman.

To the same effect is Commonwealth v. Senger, 45 Erie 35 (1960). There, Judge Laub said:

"The offense known as 'Driving Too Fast For Conditions' appears in subsection (a) of §1002 of the Code, and therefore is one of those falling within the compass of subsection (e) quoted above. We are not concerned with the reason why the legislature saw fit to insert subsection (e) in §1002, but only with the circumstance of its presence there. Whether it was intended to apply only to those subsections dealing with measured speeds, as suggested by the district attorney, is not for us to decide, since the language of subsection (e) is clear and unambiguous. If an officer intends to charge a motorist with a violation of subsection (a) and has not measured his speed in some manner, he must give at least his estimate of such speed in the information". . .

There are, however, decisions contrary to the cases above set forth. They hold that the requirement of subsection (e) relating to the specification of defendant's speed does not apply to prosecutions under subsection (a) of section 1002. See Commonwealth v. Bowman, 39 D. & C. 2d 138; Commonwealth v. Forrest, 55 Lanc. 259 (1957); Commonwealth v. Feyka, 62 D. & C. 353; Commonwealth v. Hazy, 66 D. & C. 451; Commonwealth v. Weber, 33 D. & C. 488.

In Commonwealth v. Bowman, supra, 39 D. & C. 2d 138, President Judge McKay stated, page 140:

"The most convincing reason in support of the latter view is that offered by Knight, P. J. in the Hazy case, supra, at page 452, when he states that:

" 'In such cases, it would be almost impossible to fix, with any degree of accuracy, the speed of a motor

vehicle except by the general statement, "too fast for conditions". There may be a thick fog, and a driver proceeding at a slow speed and yet too fast to stop within the assured clear distance ahead, collides with another vehicle. The mere fact that such an accident happened would be enough to draw an inference that the driver was proceeding at a speed too fast for conditions. On icy streets, in thick traffic, and in other situations a driver may be proceeding too fast for conditions, and yet it would be impossible to fix the rate of speed, and how, under such circumstances, could the speed be ascertained by the methods prescribed in subsection (d) of Section 1002?

" 'We do not think the legislature ever intended such a result. We are of the opinion that subsection (e), so far as it requires the information to specify the speed at which defendant is alleged to have driven, does not apply to subsection (a)' ".

Despite the respectable authorities cited in support of the proposition that the speed of the vehicle need not be set forth in an information charging a defendant with "driving too fast for conditions", we are not persuaded that we should depart at this time from the position expressed in Commonwealth v. Foley, supra, 78 Dauph. 207. Moreover, as pointed out by President Judge Wingerd in Commonwealth v. Fry, supra, 65 D. & C. 551 (1948), page 555:

". . . Many of the cases where it would be practically impossible to allege the speed at which defendant was traveling when he was driving in a manner which was in disregard of the rights of others, or in a manner so as to endanger any person or property, can be prosecuted under section 1001 (a), which is headed, 'Reckless Driving' ".

In any event, the ultimate resolution of this debatable question which continues to plague our lower

courts, must be made by the appellate courts or by the legislature.

ORDER

And now, June 21, 1968, defendant's exception to the record of the justice of the peace is sustained and the judgment finding defendant guilty of the offense charged is set aside and vacated.